STATE, WILLIAM A. MELICK, PROSECUTOR, v. THE INHABITANTS OF THE BOROUGH OF WASHINGTON, IN THE COUNTY OF WARREN.

1. Where the charter of a borough or city confers on the common council the power to pass ordinances, and enact penalties for the violation thereof, by imprisonment not exceeding a certain number of days or by fine not exceeding a certain amount, the ordinance must fix the time or amount, and not leave it to the magistrate.

2. *State* v. *Zigler*, 3 *Vroom* 262, followed.

On *certiorari* to the clerk, mayor and common council of the borough of Washington, to review Ordinance No. 33, entitled "An ordinance to suppress and prevent groggeries and tippling-houses." The ordinance enacts "that if any person or persons, without a license for that purpose first had and obtained from the said council, shall, directly or indirectly, sell or knowingly permit to be sold on any premises occupied by him, her or them, in any quantity whatever, where the same is drunk in, on or about the premises where sold, any vinous, spirituous or malt liquors, or liquor of any kind, either fermented or distilled, except the same is compounded and sold as a medicine, shall, for the first offence, forfeit and pay a penalty of twenty-five dollars and costs of prosecution, or be committed to the Warren county jail or to the lock-up for a period not exceeding seven days," &c.

Melick v. Washington.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *John N. Van Dyke.*

For the defendants, *Oscar Jeffery.*

The opinion of the court was delivered by

SCUDDER, J. The prosecutor, having been sued for violation of this ordinance, seeks the aid of the court to have it annulled. Without considering the other provisions of the ordinance, we feel constrained, under the authority of *State* v. *Zeigler*, 3 *Vroom* 262, to hold this ordinance void. The charter confers on the common council certain powers and duties to be enforced by by-laws and ordinances, among other things for suppressing disorderly or gaming-houses and groggeries, by enacting penalties for the violation thereof, either by imprisonment not exceeding seven days or by fine not exceeding $50. *Pamph. L.* 1868, *p.* 79, § 8. The case above cited has decided that under such right to impose a penalty the charter gives to the council, and not to the justice or a jury, the duty to determine the exact amount of the penalty or punishment which shall be imposed within the limitation of time and amount named in the statute. Here the penalty that may be imposed by the ordinance is imprisonment for a period not exceeding seven days, leaving it to the justice to say for how many days.

The ordinance must be set aside for this error, but without costs.